IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CARL STANLEY TURNER                                                    PLAINTIFF

v.                                    No. 2:12-cv-136-DPM-JTK

RAY HOBBS, Director, ADC; DANNY BURL,
Warden, E.A.R.U., ADC; TODD BALL, Assistant
Warden, E.A.R.U., ADC; VALERIE WESTBROOK,
Classification Supervisor, E.A.R.U., ADC;
MOSES JACKSON, Chief of Security, E.A.R.U.,
ADC; and PAULETTE GREEN, Classification
Supervisor, E.A.R.U., ADC                                             DEFENDANTS

ORDER

1. The Court has considered Magistrate Judge Jerome T. Kearney's

proposed findings and recommendations, № 52, and Turner's objections,

№ 53. On *de novo* review, FED. R. CIV. P. 72(b)(3), the Court adopts Judge

Kearney's recommendation as supplemented.

2. Turner's claim for damages against all Defendants in their official

capacities is barred by sovereign immunity. His claims against Hobbs and

Burl fail as a matter of law because supervising prison administration alone

is not enough to support liability under § 1983.

3. Turner's retaliation claim fails for lack of evidence. First, Turner

alleges that Defendants retaliated against him for filing another lawsuit by

holding him in punitive isolation for longer than his thirty-day assignment in May and June 2010, and by then assigning him to administrative segregation. *№ 2 at 7, 48-3, & 53 at 1.* Defendants have provided Turner's complete disciplinary history, *№ 48-2*, and say that Turner's assignments were based on this history, *№ 48 at 10.* Turner doesn't challenge his disciplinary history directly, though he does say that the June 17th report—assigning him to administrative segregation because of his disciplinary history—was falsified. *№ 53 at 5-7.* Turner, though, offers no evidence to support this falsification allegation.

The undisputed facts show that after completing his first thirty-day period of punitive isolation, and before starting a term of administrative segregation, Turner was moved to administrative review for eleven days while awaiting a status review. *№ 48-1 at 5 & 48-7.* During this time, however, he remained in the same lock-down cell—a standard practice at the prison. *№ 48-6.* The record shows that Turner was not held in punitive isolation for more than thirty days in May and June, so his punitive-isolation retaliation claim fails. *№ 48-7.* As for his administrative-segregation retaliation claim, the law only requires "some evidence" that Turner actually

committed a rule violation to sustain the discipline, *Hartsfield v. Nichols*, 511

F.3d 826, 829 (8th Cir. 2008), and Defendants have carried their burden. So the

assignment parts of Turner's retaliation claim cannot go forward.

Turner also alleges that he lost some privileges in retaliation for his

having filed another lawsuit. № 48-3. But this claim has no evidentiary

support on causation. Taking the record in the light most favorable to him,

he should have had certain privileges restored (personal property and

telephone access) during the eleven-day period he was on administrative

review, but those privileges were withheld. № 48-3, 48-4, & 48-6. He has

offered no evidence, however, supporting his theory that his pursuing another

lawsuit motivated the withholding of privileges. The omission may have

been partly addressed in the grievance process. № 48-4. But assuming a

complete privilege gap during the eleven June days between the punitive-

isolation and administrative-segregation periods, no causation evidence

makes a jury issue here. Turner has offered no evidence that the gap was

push back from the Defendants based on other litigation.

**4.** Turner's due-process claim fails too. The undisputed material facts

taken in a light most favorable to Turner do not establish the violation of his

right to due process; his housing assignments did not impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

5. Defendants are entitled to qualified immunity in any event. *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013). The Court sees no constitutional violation. At the very most, the ADC officials made a mistake at the margin about restoring some privileges during an eleven-day period.

\* \* \*

Defendants' motion for summary judgment, № 46, granted.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

17 January 2014